UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62387-CIV-DIMITROULEAS

ALBERTO ROSA,

      Plaintiff,

v.

BADER'S GROUP, LLC, ALEX BADER, SR,
GISELLE BADER, JANET BADER,

      Defendant.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendants Bader's Group, LLC, Alex Bader, Sr., Giselle Bader, and Janet Bader's Motion for Summary Judgment [DE 34] ("Motion"). The Court has carefully considered the Motion, Plaintiff Alberto Rosa's Response in Opposition [DE 41], Defendants' Reply [DE 48], Defendants' Statement of Material Facts [DE 35]; Plaintiff's Response to Defendants' Statement of Material Facts [DE 42]; the exhibits and affidavits filed in the record, and is otherwise fully advised in the premises.

## I.   BACKGROUND

Plaintiff Alberto Rosa ("Plaintiff" or "Rosa") brings this action against Defendants pursuant to the Fair Labor Standards Act ("FLSA") for unpaid overtime wages. Compl. [DE 1].

Defendant Bader's Group LLC is a limited liability company engaged in the business of building demolition. [DE 42-1] ¶ 3; DSMF ¶ 3.[1] Defendants allege that Plaintiff engages in loading machinery, tools, and supplies onto trucks Defendants used in the course of their

---

[1] Defendants' statement of material facts and Plaintiff's response thereto include various citations to portions of the record. Defendants' statement of facts [DE 35] is cited as ("DSMF") and Plaintiff's response [DE 42] is cited as ("PSMF"). Any citations herein to the statement of facts, response, and reply thereto should be construed as incorporating those citations to the record.

demolition business. DSMF ¶ 5.[2] In addition, Defendants contend Plaintiff sometimes drove the trucks carrying the equipment. DSMF ¶ 5. In loading the equipment on these trucks, Defendants state Plaintiff would secure some of the machinery and replenish some of the damaged tools. DSMF ¶ 5.

Some of the equipment, tools, and parts that Defendant Bader's Group LLC brought to and used at job sites, which Plaintiff loaded onto Defendants' trucks, were manufactured in Sweden, transported to the state of Washington, and ordered by the Bader's Group LLC for delivery via UPS to its office in Lantana, Florida. DSMF ¶¶ 5, 7. Defendant Bader's Group LLC also ordered equipment, tools, and supplies from a company located in Boston Massachusetts, which were delivered to Defendants' via UPS or other carriers. DSMF ¶ 7. According to Defendants, when Plaintiff loaded the equipment, tools, and supplies on to the trucks for transport to Defendants' job sites, he had to perform a safety check to ensure the materials were safely loaded for transportation to the job site. DSMF ¶ 9.

According to Plaintiff, he never transported machinery, tools, or supplies that were delivered to Defendants from out of state. PSMF ¶¶ 5, 9. All of the materials, supplies, tools, and equipment that Plaintiff loaded or transported were part of Defendants' "normal inventory" in South Florida or were purchased from a local retail business. PSMF ¶ 5. Plaintiff contends that tools and equipment Defendants argue were shipped from outside the state of Florida were shipped to Defendants' business location, home, and the jobsite. PSMF ¶ 8. Finally, Plaintiff claims he never performed any safety checks when loading materials, equipment, or other

---

[2] Plaintiff notes that Defendants fail to cite to specific places in the record using pincites in their Statement of Material Facts and as such requests that paragraph 3, 5, 6, 7, 8, 9 of Defendants' Statement of Material Facts be stricken and not considered by the Court for this reason. PSMF ¶ 3, 5, 6, 7, 8, 9. Plaintiff also controverts Defendants' Statement of Material Facts and demonstrates that genuine issue of material fact exist, precluding summary judgment. While Local Rule 56.1(d) of the Local Rules of the Southern District of Florida provide that the Court may strike a non-compliant Statement of Material Facts, *see* L.R. SD. Fla. 56.1(d), the Court in its discretion considered Defendants citations to the record.

supplies onto Defendants' trucks. PSMF ¶ 9.

According to Defendants, Plaintiff complained during his employment of de minimis amounts of time for which he purportedly was not paid. DSMF ¶ 7. Defendants contend that Plaintiff was paid a total of $2,359.15 of overtime and never complained during his employment that he was underpaid for his overtime work. DSMF ¶ 7.

According to Plaintiff, he was regularly paid for fewer hours than he worked, and he regularly brought this to the attention of Defendants. PSMF ¶ 7. Plaintiff estimates that he worked an average of 60 hours per week. PSMF ¶ 7. Plaintiff avers that Defendants' pay records do not show all hours that he worked and that most of the time he worked was not self-reported but reported by another employee of Defendants, Walsy Rivero. PSMF ¶ 7. When he did report his own time, Plaintiff contends that Defendants would not permit Plaintiff to report all of the time he worked. PSMF ¶ 7.

Plaintiff has admitted that he kept informal notes of some of the hours he worked on scrap pieces of paper. DSMF ¶ 7; PSMF ¶ 7. Plaintiff characterized these notes as informal and incomplete. PSMF ¶ 7. He threw away these notes after he stopped working for Defendants. DSMF ¶ 7; PSMF ¶ 7. Plaintiff claims he took these notes for the sole purpose of bringing to Defendants' attention that Defendants were not paying Plaintiff for all of the hours that he worked, so when Plaintiff's employment with Defendants ended he did not think he had a reason to keep the notes and threw them away. PSMF ¶ 7.

According to Defendants, Defendant Janette Bader served as an office secretary for the Bader's Group LLC and does not have any supervisory or managerial authority. DSMF ¶ 10. Defendants contend that Janet Bader's principal job duties are office support and administerial work and that she does not have the authority to hire, fire, or manage employees. DSMF ¶¶ 10,

11. Finally, according to Defendants, Janet Bader is not an owner of the Bader's Group LLC. DSMF ¶ 10.

According to Plaintiff, Janet Bader was one of Plaintiff's bosses and supervisors; processed payroll and distributed checks and assignments to Plaintiff and other employees; managed the day-to-day operations of the Bader's Group LLC; controlled Plaintiff's duties, hours worked, and pay; and had the authority to hire, fire, and manage employees. PSMF ¶¶ 10, 11.

## II.    STANDARD OF REVIEW

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp*., 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252). Accordingly, if the moving party shows "that, on all the essential elements of its

case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

"In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences there from in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant." *Clemons v. Dougherty Cty., Ga.*, 684 F.2d 1365, 1369 (11th Cir. 1982) (internal citations omitted). *See also Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009).

## III.   DISCUSSION

In their Motion for Summary Judgment, Defendants argue that Plaintiff is not entitled to overtime wages under the FLSA due to the "motor carrier" exemption. Alternatively, Defendants argue Plaintiff was paid for all of the overtime he worked. Defendants also contend that Janet Bader should not be considered an employer under the FLSA and, therefore, cannot be held jointly and severally liable for any of Plaintiff's unpaid overtime wages. Defendants contend Plaintiff spoilated evidence when he threw away informal time records he kept after he was terminated and request that the Court sanction Plaintiff by dismissing his claims. In addition, Defendants request that the Court sanction Plaintiff's counsel if the Motion for Summary Judgment is granted based on past sanctions against Plaintiff's counsel and counsel's litigation tactics in the present case.

### A.  *Applicability of the "Motor Carrier" Exemption*

Defendants argue that Plaintiff was exempt from the overtime compensation provisions of

the FLSA under the Motor Carrier Act exemption due to his loading and driving activities while performing his job as a demolition worker. Defendants contend that in loading their trucks bound for jobsites with machinery and supplies delivered to Defendants' business location from out-of-state, Plaintiff was engaged in loading goods for transportation in interstate commerce.

"The FLSA requires employers to pay employees at time-and-a-half for any time worked in excess of forty hours per week." *See Walters v. Am. Coach Lines Of Miami, Inc.*, 575 F.3d 1221, 1226 (11th Cir. 2009) (citing 29 U.S.C. § 207(a)(1)). "[A]ny employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of" the Motor Carrier Act is exempt from this requirement of the FLSA. *See Walters*, 575 F.3d at 1226. The Secretary of Transportation has the jurisdiction under the MCA to set requirements for the "(1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier; and (2) qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation." 49 U.S.C. § 31502(b). *See also Cruz v. S. Waste Sys., L.L.C.*, No. 09-21756-CIV, 2010 WL 309016, at *2 (S.D. Fla. Jan. 25, 2010).

"The applicability of the motor carrier exemption 'depends both on the class to which his employer belongs and on the class of work involved in the employee's job.'" *Walters v. Am. Coach Lines Of Miami, Inc.*, 575 F.3d 1221, 1227 (11th Cir. 2009) (quoting 29 C.F.R. § 782.2(a)). For the motor carrier exemption to apply (1) the "employer's business must be subject to the Secretary of Transportation's jurisdiction under the MCA"; and (2) "the employee's business-related activities must directly affect the safety of operation of motor vehicles in transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA]." *Swan v. Nick Grp., Inc.*, No. 1:11-CV-1713-

WSD, 2013 WL 5200508, at *3 (N.D. Ga. Sept. 13, 2013). FLSA exemptions are construed narrowly against the employer, and the employer bears the burden of showing that an exemption applies. *Walters*, 575 F.3d at 1226; *Cruz v. S. Waste Sys., L.L.C.*, No. 09-21756-CIV, 2010 WL 309016, at *2 (S.D. Fla. Jan. 25, 2010).

Defendants contend that Bader's Group LLC is subject to the Secretary of Transportation's Jurisdiction under the MCA because "Bader's Group is a construction company that transports goods through interstate commerce to further its commercial enterprise, building demolition." [DE 34] p. 4. However, Defendants fail to point to any facts in the record that would support such a conclusion. In their Statement of Material Facts, Defendants cursorily state that "Bader's Group is a "motor carrier" which provides interstate and intrastate transportation of property and passengers" and that "Bader's Group is [sic] limited liability company that engages in the business of building demolition for compensation." DSMF ¶ 3. Defendants do cite to the affidavit of Defendants' expert consultant Salvador Souto III, who concludes that "[s]ince parts used to repair these vehicles are shipped via UPS or Fedex to the employer's home office and then are transported out to the various work sites so the machines can be work on this Plaintiff is exempt from the overtime requirements of the FLSA under section 13(b)(1)." *See* DSMF ¶ 3 (citing [DE 35-1]).

In response, Plaintiffs argue that Defendants were the customer for the goods delivered to them from outside Florida, goods that were used for their own consumption. According to Plaintiff, Defendant Bader's Group does not provide interstate transportation of property or passengers. PSMF ¶ 3.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Defendants conclusory statements that Bader's Group is a "motor carrier" and that it "transported goods through interstate commerce" are insufficient to demonstrate that there is no genuine issue of material fact as to whether Defendant Bader's Group is a "motor carrier" that "must be subject to the Secretary of Transportation's jurisdiction under the MCA."

In addition, an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Defendants only citation to the record to demonstrate that Bader's Group LLC is subject to the Secretary of Transportation's jurisdiction under the MCA is the affidavit of Salvador Souto III, a labor law consultant who Bader's Group LLC consulted with regarding this lawsuit. Souto's single conclusory statement that "that "[s]ince parts used to repair these vehicles are shipped via UPS or Fedex to the employer's home office and then are transported out to the various work sites so the machines can be work on this Plaintiff is exempt from the overtime requirements of the FLSA under section 13(b)(1)" is a legal argument and not record evidence which would support a finding that Bader's Group LLC is subject to the Secretary of Transportation's jurisdiction under the MCA. A witness, even an expert witness, cannot testify to the legal implications of conduct nor citation to governing legal standards. *Montgomery v. Aetna Cas. & Sur. Co*., 898 F.2d 1537, 1541 (11th Cir. 1990); *In re Delta/Airtran Baggage Fee Antitrust Litig.*, 245 F. Supp. 3d 1343, 1364 (N.D. Ga. 2017), *aff'd sub nom. Siegel v. Delta Air Lines, Inc.*, 714 F. App'x 986 (11th Cir. 2018). As such this inadmissible legal conclusion cannot alone support a finding that

Defendant is subject to the jurisdiction of the Secretary of Transportation under the MCA.

Further, the Court notes Plaintiff objects to Defendants' reliance on their purported expert to introduce facts in support of their motion for summary judgment as those statements are improper hearsay and are not founded on personal knowledge. PSMF ¶ 3. Defendant did not respond to this objection. As such, even if factual allegations in Souto's affidavit could support a finding that Bader's Group LLC was subject to the Secretary of Transportation's jurisdiction under the MCA, it is not clear that the affidavit could support Defendants' Motion for Summary Judgement under Federal Rule of Civil Procedure 56(c)(4).

It is Defendants' burden as the employer to show that the motor carrier exemption applies. *Walters*, 575 F.3d at 1226; *Cruz v. S. Waste Sys., L.L.C.*, No. 09-21756-CIV, 2010 WL 309016, at *2 (S.D. Fla. Jan. 25, 2010). As Defendants have failed to demonstrate with admissible record evidence that Bader's Group LLC is a motor carrier subject to the Secretary of Transportation's jurisdiction, Defendants' Motion for Summary Judgment as to the applicability of the motor carrier exemption is due to be denied.

In addition, however, genuine issues of material fact exist as to whether Plaintiff was engaged in activities directly affecting the safety and operation of motor vehicles in interstate commerce.

Defendants contend that Plaintiff was a driver and loader engaged in work that affected the safety and operations of a motor vehicle in interstate commerce. In so arguing Defendant contends "Plaintiff admitted he had to load equipment on the vehicles that transported materials in interstate commerce in a safe manner." Defendants point to Plaintiff's statement during his deposition that, "sometimes we would have to tie a beam, tie the machine to a beam so it doesn't fall down, like you have to get to a bean or something, you would have to chain the machine."

*See* [DE 48]. To support its claim that Defendants' loading of the trucks directly affected the safety of operation of motor vehicles in transportation of goods in interstate commerce, Defendants rely on Gisselle Bader's statement that parts and supplies which Defendants replaced regularly are shipped from Washington state via UPS to Bader's Group office in Lantana Florida. [DE 48-1] ¶ 3. These parts and supplies are then loaded onto Defendants' trucks and transported to job sites within Florida. [DE 48-1] ¶ 3.

Plaintiff contends that he never handled items delivered to Defendants from out of state; never performed repairs on machinery, never loaded parts used to repair machinery, and never loaded or transported machinery, tools, or supplies that were coming or going outside of Florida. PSMF ¶ 9. Plaintiff further contends that Defendants never had him perform "safety checks" to make sure items were safely loaded for transportation to the job site." PSMF ¶ 9.

As such there are genuine issues of material facts as to whether Plaintiff's work for Defendants directly affected the safety of operation of motor vehicles in transportation of goods in interstate commerce.

### B.  Defendants' Contention That They Have Paid Plaintiff for all Overtime Hours

Defendant argues that record evidence demonstrates that Defendants paid Plaintiff for all overtime hours Plaintiff actually worked, despite not having to do so under the motor carrier exemption. Defendant relies on the declaration of Defendant Gisselle Bader who states that Plaintiff had questioned his pay a couple of times and that Defendants adjusted Plaintiff's pay several times. [DE 35-2] ¶¶ 6. According to Defendant Gisselle Bader, Plaintiff" never claimed he was being underpaid" and that the claim he regularly worked sixty hours per week came after his termination. *Id.* Defendants also argue that if Plaintiff had not destroyed the informal records he kept of the hours he worked they may contradict his claims that he worked sixty (60) hours

per week. According to Defendants no employee worked sixty (60) hour per week and Plaintiff was no exception. [DE 35-2] ¶¶ 5.

In response, Plaintiff avers that he worked an estimated sixty (60) hours per week and that Defendants' pay records do not show all the hours that Plaintiff worked. PSMF ¶ 7. Plaintiff further contends that most of the time Plaintiff worked was not self-reported but was reported by Defendants' employee Walsy Rivero. PSMF ¶ 7. When Defendants had Plaintiff report his time, Plaintiff states that Defendants would not permit Plaintiff to report all of the time he worked. PSMF ¶ 3.

At the summary judgement stage the movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Further, "[t]he court must view all evidence most favorably toward the nonmoving party, and all justifiable inferences are to be drawn in the nonmoving party's favor." *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d at 1310. In the present case, viewing all evidence in the light most favorable to Plaintiff, the non-movant, genuine issues of material fact remain as to whether Plaintiff was paid for all hours that he worked.

### C. Defendants Claim Plaintiff Spoliated Evidence

Defendants request that the Court dismiss Plaintiffs claims, striking Plaintiff's pleading, or impose some other appropriate relief based on Plaintiff's purported spoliation of evidence.

Defendants argue that when Plaintiff threw away his informal records of the hours he worked Plaintiff intentionally destroyed evidence pertinent to his claim at a time when Plaintiff claimed he was terminated for complaining of unpaid wages. According to Defendants, these informal records may demonstrate that Plaintiff never worked 60 hours per week. Defendants claim that

Plaintiff destroyed these records knowing he was claiming he was terminated for being underpaid for overtime compensation and that Plaintiff intentionally destroyed and concealed evidence by throwing away documents which would have been important to the litigation.

Defendants' Motion for Summary Judgment contains no citations to record evidence which would demonstrate that Plaintiff spoliated evidence. Defendants' Statement of Material Facts states that "Plaintiff admitted he kept records on pieces of paper regarding time he actually worked and that he "destroyed" said records" and cites to a portion of Plaintiff's deposition in which he admitted he threw away his timekeeping notes because he was no longer working for Defendants. [DE 35-3] 74:22–74:25.

Plaintiff, however, contends that he took these notes on an informal and incomplete basis on scratch paper. PSMF ¶ 7. When Plaintiff's employment with Defendants ended, Plaintiff claims he did not think that he had any reason to keep the informal notes so he threw them away. PSMF ¶ 7. This contention is also reflected in Plaintiff's deposition, in which he states, "[the papers] were timekeeping when I was working for the company. There was no reason for me to keep them…. I threw them away after I got terminated—wrongfully terminated." [DE 35-3] 74:16–74:25.

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Brown v. Chertoff*, 563 F. Supp. 2d 1372, 1377 (S.D. Ga. 2008). "In this circuit, sanctions for spoliation of evidence may include: '(1) dismissal of the case [or default judgment against defendant]; (2) exclusion of expert testimony; or (3) a jury instruction on spoliation of evidence which raises a presumption against the spoliator.'" *In Matter of Complaint of Bos. Boat III, L.L.C.*, 310 F.R.D. 510, 514 (S.D. Fla. 2015) (citing *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir.

2005)). "[T]he party seeking [spoliation] sanctions must prove ... first, that the missing evidence existed at one time; second, that the alleged spoliator had a duty to preserve the evidence; and third, that the evidence was crucial to the movant being able to prove its prima facie case or defense." *In Matter of Complaint of Bos. Boat III, L.L.C.*, 310 F.R.D. 510, 515 (S.D. Fla. 2015) (citing *Walter v. Carnival Corp.*, No. 09–20962–CIV, 2010 WL 2927962, at *2 (S.D.Fla. July 23, 2010)). In addition, "'[a] party's failure to preserve evidence" rises to the level of sanctionable spoliation in this circuit 'only when the absence of that evidence is predicated on bad faith,' such as where a party purposely 'tamper[s] with the evidence.'" *In Matter of Complaint of Bos. Boat III, L.L.C.*, 310 F.R.D. 510, 515 (S.D. Fla. 2015) (citing *Bashir v. Amtrak,* 119 F.3d 929, 931 (11th Cir.1997)); *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009) (finding that the district court did not err in declining to draw an adverse inference against defendants because the plaintiffs failed to present evidence that any party acted in bad faith.).

In the present case Defendants have identified no evidence in the record to demonstrate that Plaintiff threw away his informal notes in bad faith. Further, Defendants have not even identified evidence in the record which demonstrates Plaintiff had a duty to preserve his informal notes when he threw them away. The obligation to preserve evidence arises when the party receives notice that the evidence is relevant to pending or reasonably foreseeable litigation. *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009) (citing *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir.1999)); *Mann v. Taser Int'l, Inc.*, No. 4:05-CV-0273-HLM, 2008 WL 11423970, at *3 (N.D. Ga. Nov. 25, 2008), *aff'd,* 588 F.3d 1291 (11th Cir. 2009). Defendants state that "Plaintiff destroyed these records after his termination and knowing he was claiming he was terminated for being underpaid for overtime compensation." Defendants cite to

no evidence to support such a claim, let alone that litigation was reasonably foreseeable to Plaintiff when he destroyed his notes.

As such the Court declines to dismiss Plaintiff's claims or impose another sanction for spoliation at this juncture.

### D. Liability of Defendant Janet Bader

Defendants argue Janet Bader does not meet the definition of employer pursuant to the FLSA. Janet Bader declared that she holds the title of Office Secretary, does not have supervisory or managerial authority in the company, and does not have the authority to hire, fire, or manage employees. [DE 35-4]. As such Defendants argue that she cannot be held joint and severally liable as an employer under the FLSA.

Plaintiff avers that Defendant Janet Bader was one of Plaintiff's bosses and supervisors and managed the day-to-day operations of Bader's Group LLC along with Alex Bader and Gisselle Bader. PSMF ¶ 10.

Under the FLSA, a covered employee may recover from his or her employer and "any person acting directly or indirectly in the interests of an employer in relation to an employee." *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011) (quoting 29 U.S.C. § 203(d)). Therefore, in addition to a claim against an employer, an employee may make a derivative claim against any person who "(1) acts on behalf of the employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1298 (11th Cir. 2011). Whether an individual can be held jointly and severally liable under the FLSA "does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008).

As stated above, at the summary judgement stage the movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Further, "[t]he court must view all evidence most favorably toward the nonmoving party, and all justifiable inferences are to be drawn in the nonmoving party's favor." *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d at 1310. Genuine issues of material fact remain as to Defendant Janet Bader's liability under the FLSA. Accordingly, Defendants' Motion for Summary Judgment is due to be denied on this issue.

### E.  Request for Sanctions Against Plaintiff's counsel

Finally, Defendants request that if they prevail on their Motion for Summary Judgment, the Court sanction Plaintiff's counsel Elliot Kozolchyk. In requesting such sanctions, Defendants cites to prior sanctions against Plaintiff's counsel and cursorily allege that Plaintiff's counsel's "actions strongly suggest a strategy of avoiding an early resolution in order to generate more fees." [DE 34] p. 11.  Defendants also allege, without supporting evidence, that Plaintiff's counsel testified at an evidentiary hearing in another case that he was improperly attempting to solicit another employee to join the law suit. *Id.*

As Defendants' Motion for Summary Judgment is due to be denied, the Court finds that sanctions against Plaintiff's counsel are not warranted at this juncture. Further, the Court notes Defendants have not cited to any specific, sanctionable conduct in the present case other than that Plaintiff's counsel's "actions strongly suggest a strategy of avoiding early resolution."

### IV.   **CONCLUSION**

Viewing the evidence in the light most favorable to Plaintiff, the nonmoving party, the Court determines that there are numerous genuine issues of material fact which preclude summary judgment.

Accordingly, it is **ORDERED AND ADJUDGED** Defendants' Motion for Summary Judgment [DE 34] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of August, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
All Counsel of Record