# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 0:19-cv-62387-WPD

|  |  |
|---|---|
| ALBERTO ROSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BADER'S GROUP, LLC, | ) |
| ALEX BADER, SR, | ) |
| GISSELLE BADER, | ) |
| JANNETTE BADER, | ) |
| | ) |
| Defendants. | ) |
| _____ | / |

## DEFENDANTS, BADER'S GROUP, LLC, ALEX BADER, SR, GISSELLE BADER, JANNETTE BADER, NOTICE OF SERVICE AND FILING DEFENDANTS FIRST PROPOSED JURY INSTRUCTIONS AND JURY VERDICT FORM

Respectfully submitted,

ISIDRO M. GARCIA
Florida Bar No. 437883
GARCIA LAW FIRM, P.A.
GUARANTY BUILDING
120 South Olive Ave, Suite 401
West Palm Beach, FL 33401
Telephone: (561) 832-7732
Telecopier: (561) 832-7137
E-Mail: isidrogarcia@garcialaborlaw.com
e-service: eservice@garcialaborlaw.com
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished **VIA CM/ECF transmission (ekoz@kozlawfirm.com)** to: Elliot Kozolchyk, Esq., Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, FL 33316 this 13 day of _____, 2020.

ISIDRO M. GARCIA

### DEFENDANTS PROPOSED JURY INSTRUCTION NO. 1

### 1.1 - GENERAL PRELIMINARY INSTRUCTION

**Members of the Jury**:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

**The jury's duty**:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

**What is evidence**:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

2

**What is not evidence**:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he/she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have

admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**Credibility of witnesses**:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

**Description of the case**:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Alberto Rosa, claims the Defendants, Bader's Group, LLC., Alex Bader, Sr., Gisselle Bader, and Jannette Bader, owe him unpaid overtime wages. The Defendants deny those claims and

contends that Plaintiff was paid for all overtime he worked but even if he had been underpaid, he is exempt from all overtime compensation under the Motor Carrier Act, 49 U.S.C. § 301 *et seq.*, because he admitted in deposition that he loaded and/or drove motor vehicles with a gross weight of 10,000 pounds or more.

**Burden of proof**:

Alberto Rosa has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Alberto Rosa must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Alberto Rosa and the evidence favoring Bader's Group, LLC., Alex Bader, Sr., Gisselle Bader, and Jannette Bader on opposite sides of balancing scales, Alberto Rosa needs to make the scales tip to his side. If Alberto Rosa fails to meet this burden, you must find in favor of the Defendants, Bader's Group, LLC., Alex Bader, Sr., Gisselle Bader, and Jannette Bader.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," the Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I will instruct you on the facts Bader's Group, LLC., Alex Bader, Sr., Gisselle Bader, and Jannette Bader, must prove for any affirmative defense. After considering all the evidence, if you decide that the Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

**Conduct of the jury**:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if

6

you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

**Taking notes**:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

**Course of the trial**:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Alberto Rosa will present his witnesses and ask them questions. After Alberto Rosa questions the witness, Bader's Group, LLC., Alex Bader, Sr., Gisselle Bader, and Jannette Bader, may ask the witness questions – this is called "cross-examining" the witness. Then the Defendants present its witnesses, and Alberto Rosa may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to

summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

<u>Authority</u>: 11th Cir. Pattern Jury Instruction 1.1

Granted:          _____
Denied:           _____
Withdrawn:        _____
Given as
Amended:          _____

8

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 2

## 1.2 - BURDEN OF PROOF-CLEAR AND CONVINCING EVIDENCE

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

<u>Authority</u>: 11th Cir. Pattern Jury Instruction 1.2

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 3

### 1.3 - OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters/translators. It is important that all jurors consider the same evidence. So even if some of you know languages other than English, you must accept the official interpretation/translation provided and disregard any different meanings.

<u>Authority</u>: 11th Cir. Pattern Jury Instruction 1.3

Granted:          _____
Denied:           _____
Withdrawn:        _____
Given as
Amended:          _____

10

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 4

### 1.4 - JURY QUESTIONS

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: after each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

11

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

<u>Authority</u>: 11th Cir. Pattern Jury Instruction 1.4

Granted:          _____
Denied:           _____
Withdrawn:        _____
Given as
Amended:          _____

12

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 5

## 1.5 - INTERIM STATEMENTS

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

Authority: 11th Cir. Pattern Jury Instruction 1.5

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

11

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 6

## 2.1 - STIPULATION

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

<u>Authority</u>: 11th Cir. Pattern Jury Instruction 2.1

Granted:          _____
Denied:           _____
Withdrawn:        _____
Given as
Amended:          _____

12

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 7

### 2.2 - USE OF DEPOSITIONS

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers].

Authority: 11th Cir. Pattern Jury Instruction 2.2

Granted:        _____
Denied:         _____
Withdrawn:      _____
Given as
Amended:        _____

13

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 8

## 2.3 - USE OF RECORDED CONVERSATIONS AND TRANSCRIPTS

Now you're going to hear a recorded conversation. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

Authority: 11th Cir. Pattern Jury Instruction 2.3

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

14

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 9

## 2.4 - INTERIM STATEMENTS

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, Mr. Kozolchyk is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is Mr. Kozolchyk's view of the evidence or of what he anticipates the evidence will be, but isn't itself evidence.

Authority: 11th Cir. Pattern Jury Instruction 2.4

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

15

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 10

### 2.5 - JUDICIAL NOTICE

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law

calls this "judicial notice."

<u>Authority</u>: 11th Cir. Pattern Jury Instruction 2.5

Granted:          _____
Denied:           _____
Withdrawn:        _____
Given as
Amended:          _____

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 11

## 2.6 - USE OF INTERROGATORIES

You may hear answers that one of the parties gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, the party providing these answers did so in writing while under oath.

You must consider the parties answers to as though that party gave the answers on the witness stand.

<u>Authority</u>: 11th Cir. Pattern Jury Instruction 2.6

Granted:          _____
Denied:           _____
Withdrawn:        _____
Given as
Amended:          _____

17

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 12

## 2.7 - IN-TRIAL INSTRUCTIONS ON NEWS COVERAGE

Reports about this trial may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

Authority: 11th Cir. Pattern Jury Instruction 2.7

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

18

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 13

### 3.1 - INTRODUCTION

**Members of the jury**:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Authority: 11th Cir. Pattern Jury Instruction 3.1

Granted:          _____
Denied:           _____
Withdrawn:        _____
Given as
Amended:          _____

19

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 14

### 3.2 - THE DUTY TO FOLLOW INSTRUCTIONS-NO CORPORATE PARTY INVOLVED

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

Authority: 11th Cir. Pattern Jury Instruction 3.2

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

20

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 15

### 3.2.2 - THE DUTY TO FOLLOW INSTRUCTIONS-CORPORATE PARTY INVOLVED

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Authority: 11th Cir. Pattern Jury Instruction 3.2.2

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 16

### 3.3 - CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Authority: 11th Cir. Pattern Jury Instruction 3.3

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

22

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 17

### 3.4 - CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

Authority: 11th Cir. Pattern Jury Instruction 3.4

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

## **DEFENDANTS PROPOSED JURY INSTRUCTION NO. 18**

### **3.5.1 - IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authority: 11th Cir. Pattern Jury Instruction 3.5.1

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

24

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 19

### 3.5.2 - IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS OR FELONY CONVICTION

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authority: 11th Cir. Pattern Jury Instruction 3.5.2

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

25

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 20

### 3.6.1 - EXPERT WITNESS

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

<u>Authority</u>: 11th Cir. Pattern Jury Instruction 3.6.1

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

26

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 22

### 3.7.1 - RESPONSIBILITY FOR PROOF - PLAINTIFF'S CLAIM[S], CROSS CLAIM, COUNTERCLAIM - PREPONDERANCE OF THE EVIDENCE

In this case, it is the responsibility of the Plaintiff, Alberto Rosa, as the party bringing the claim here to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Alberto Rosa.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

Authority: 11th Cir. Pattern Jury Instruction 3.7.1

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

27

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 23

### 3.7.2 - RESPONSIBILITY FOR PROOF - AFFIRMATIVE DEFENSE PREPONDERANCE OF THE EVIDENCE

In this case, the Defendants assert the affirmative defense that the Plaintiff was exempt from overtime pursuant to the Motor Carrier Act Exemption. Even if the Plaintiff proves his claim by a preponderance of the evidence, the Defendants can prevail in this case if Defendants proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants do not have to disprove the Plaintiff's claim, but if the Defendants raise an affirmative defense, the only way Defendants can prevail on that specific defense is if Defendants proves that defense by a preponderance of the evidence.

<u>Authority</u>: 11th Cir. Pattern Jury Instruction 3.7.2

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

28

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 24

### 3.8.1 - DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous - in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>Authority</u>: 11th Cir. Pattern Jury Instruction 3.8.1

Granted: _____

Denied: _____

Withdrawn: _____

Given as
Amended: _____

29

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 25

### 3.8.2 - DUTY TO DELIBERATE WHEN BOTH PLAINTIFF AND DEFENDANT CLAIM DAMAGES OR WHEN DAMAGES ARE NOT AN ISSUE

Your verdict must be unanimous - in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with. Remember that, in a very real way, you're judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority: 11th Cir. Pattern Jury Instruction 3.8.2

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 25

### 3.9 - ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM[S]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, and date it. Then you'll return it to the courtroom. If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible - either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Authority: 11th Cir. Pattern Jury Instruction 3.8.2

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

31

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 26

## 4.14 - FAIR LABOR STANDARDS ACT - 29 U.S.C. §§ 201 *ET SEQ*.

In this case, Alberto Rosa claims that Defendants, Bader's Group, LLC., Alex Bader, Sr., Gisselle Bader, and Jannette Bader, did not pay him overtime pay that he alleges was not paid for as required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on his claim against the Defendants, the Plaintiff, Alberto Rosa, must prove each of the following facts by a preponderance of the evidence:

**First**: Alberto Rosa was an employee of Defendants and was [engaged in commerce or in the production of goods for commerce] [employed by an enterprise engaged in commerce or in the production of goods for commerce]; and

**Second**: The Defendants, Bader's Group, LLC., Alex Bader, Sr., Gisselle Bader, and Jannette Bader, failed to pay Alberto Rosa the overtime pay he alleges he was not paid for as required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, Alberto Rosa must prove by a preponderance of the evidence that he was an employee [engaged in commerce or in the production of goods for commerce/employed by an enterprise engaged in commerce or in the production of goods for commerce].

The term "commerce" has a very broad meaning and includes any trade, transportation, transmission, or communication between any place within a state and any place outside that state. Alberto Rosa was engaged in the "production of goods" if he was employed in producing, manufacturing, mining, handling, or transporting goods, or in any other manner worked on goods

32

or any closely related process or occupation directly essential to the production of goods.

**Overtime claim**: The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by [40/the total number of hours [name of plaintiff]'s weekly salary was intended to compensate]. To calculate how much overtime pay was owed to Alberto Rosa for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. Defendants failed to pay Plaintiff the required overtime pay if Defendants paid him less than that amount.

**Exemption**: In this case, Defendants, Bader's Group, LLC., Alex Bader, Sr., Gisselle Bader, and Jannette Bader, claim that they are exempt from the FLSA's overtime provisions. To establish that they are exempt, the Defendants, Bader's Group, LLC., Alex Bader, Sr., Gisselle Bader, and Jannette Bader, must prove each of the following facts by a preponderance of the evidence:

[List essential elements of the claimed exemption].

Authority: 11th Circuit Pattern Jury Instruction 4.14

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 27

## MOTOR CARRIER EXEMPTION

Employee of interstate passenger motor carriers are not entitled to overtime under the Fair Labor Standards Act if the Secretary of Transportation has power to establish their qualifications and maximum hours of service, that is to say that the U.S. Department of Labor has no jurisdiction over an employee whose qualifications and maximum hours of service are established by the U.S. Department of Transportation.

The mere fact that a driver works for an interstate passenger motor carrier is not sufficient to find he or she is exempt from the overtime provisions of the Fair Labor Standards Act. To be held exempt, it must be shown that the employee engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce. This exemption is commonly referred to as the "motor carrier exemption."

Congress has defined "interstate commerce" as "trade, traffic, or transportation in the United States --

(1) Between a place in a State and a place outside of such State (including a place outside of the United States);

(2) Between two places in a State through another State or a place outside of the United States; or

(3) Between two places in a State as part of trade, traffic, or transportation originating or terminating outside the State or the United States.

To establish interstate commerce under the third definition, there must be a showing that the passengers being transported by the driver wholly within the State of Florida are actually

34

engaged in continuous journey across state lines or country borders from the point of origin to the

point of destination. Travel to and between airports, seaports and railway stations to reach an

interstate or foreign destination are classic examples of interstate commerce.

To determine if a driver is transporting passengers in interstate commerce, you should

consider the passenger's intended final destination at the time his or her travel commenced. If the

passenger's intent when he or she left home was to cross state lines or leave the country, the

entire journey will be deemed part of interstate commerce, even if there was a short stopover.

A peculiarity of the "motor carrier" exemption is that it does not require a driver to

actually ever have been assigned to a route which involves interstate commerce. If you find that a

Plaintiff reasonably could be expected to be called upon to drive such a route, he or she will be

deemed to be engaged in "interstate commerce." The possibility of being called upon to drive a

route in interstate commerce must be more than a remote chance.

An example of transportation of passengers wholly within the State of Florida that would

satisfy the interstate commerce requirement is a pre-paid all-inclusive cruise package where

out-of-state passengers fly into Florida and are provided pre-arranged ground transportation to

get from the airport to a seaport with no need to separately purchase the ground transportation.

This arrangement is commonly referred to in the tourism industry as "through ticketing."

Authority: 29 U.S.C. § 213(b)(1); 49 U.S.C. § 13501, 29 C.F.R. § 782.2, 29 C.F.R. §
782.7(b)(1); Morris v. McComb, 332 U.S. 422, 92 L. Ed 68, 44 S. Ct. 131 ( 1947); Marshall v.
Victoria Transportation Co., Inc. 603 F.2d 1122; (5th Cir. 1979); Chao v. First Class Coach
Company, Inc., 214 F. Supp. 2d 1263 (M.D. Fla. 2001).

Granted: _____
Denied: _____
Withdrawn: _____
Given as
Amended: _____

35

If you find that Defendants, Bader's Group, LLC., Alex Bader, Sr., Gisselle Bader, and Jannette Bader, are exempt, you will not decide the issue of Alberto Rosa's damages. But if you find that Defendants are not exempt, you must decide the issue of Plaintiff's damages.

The amount of damages is the difference between the amount Alberto Rosa should have been paid and the amount he was actually paid. Alberto Rosa is entitled to recover lost wages from the date of your verdict back to no more than two (2) years before he filed this lawsuit on September 25, 2019 - unless you find that the employer either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that the employer knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Alberto Rosa is entitled to recover lost wages from date of your verdict back to no more than three (3) years before he filed this lawsuit.

[Inadequate Records: The law requires an employer to keep records of how many hours [his/her/its] employees work and the amount they are paid. In this case, Plaintiff claims that Defendants failed to keep and maintain adequate records of his hours and pay. Alberto Rosa also claims that Defendants failure to keep and maintain adequate records has made it difficult for him to prove the exact amount of his claim.

If you find that Defendants failed to keep adequate time and pay records for Alberto Rosa and that Alberto Rosa performed work for which he should have been paid, Plaintiff may recover a reasonable estimation of the amount of his damages. But to recover this amount, Alberto Rosa must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

## SPECIAL INTERROGATORIES TO THE JURY

Do you find from a preponderance of the evidence:

1.     That Alberto Rosa was an employee of the Defendants, Bader's Group, LLC., Alex Bader, Sr., Gisselle Bader, and Jannette Bader, and was [engaged in commerce or in the production of goods for commerce/employed by an enterprise engaged in commerce or in the production of commercial goods]?

Answer: Yes or No_____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2.     That Defendants, Bader's Group, LLC., Alex Bader, Sr., Gisselle Bader, and Jannette Bader, failed to pay Alberto Rosa the overtime pay required by law?

Answer: Yes or No_____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

3.     That Alberto Rosa was exempt from the Fair Labor Standards Act pursuant to the Motor Carrier Exemption?

Answer: Yes or No_____

If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.

4.     That Defendants, Bader's Group, LLC., Alex Bader, Sr., Gisselle Bader, and Jannette Bader, knew or showed reckless disregard for whether the FLSA prohibited its conduct?

Answer: Yes or No_____

37

    5.     That Alberto Rosa should be awarded damages?

Answer: Yes or No_____

If your answer is "Yes,"

in what amount?        $_____

SO SAY WE ALL.

_____
Foreperson's Signature
DATE: _____

<u>Authority</u>: 11th Cir. Pattern Jury Instruction 4.14

38

## ANNOTATIONS AND COMMENTS

The Fair Labor Standards Act ("FLSA") is found at 29 U.S.C. § 201 *et seq*. Pattern Instruction 4.14 is intended to be used in cases where the plaintiff alleges that the defendant employer failed to pay the minimum wage or overtime pay required by the FLSA. Pattern Instruction 4.14 contains bracketed instructions for each type of FLSA claim.

### I.       Elements and Defenses.

**A. "Employee"**

Pattern Instruction 4.14 instructs that the plaintiff must have been an employee of the defendant. For cases in which this issue is disputed, the instruction and verdict form should be adapted accordingly. For pattern instructions concerning issues of joint employers or independent contractors, please see Pattern Instructions 4.24 and 4.25, infra.

The employee must also be "engaged in commerce" within the meaning of the FLSA or "employed by an enterprise engaged in commerce." For a discussion of the "engaged in commerce" requirement, please see Martinez v. Palace, 414 F. App'x 243 (11th Cir. 2011) (per curiam) (finding that a cook at a local restaurant in Alabama was not "engaged in commerce" within the meaning of the FLSA).

**B. Amount of Work Performed: Inaccurate or Inadequate Employer Records**

When an employer's records are "inaccurate or inadequate and the employee cannot offer convincing substitutes," then an employee has carried his burden of proving that he has performed work for which he was not properly compensated. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), superseded by statute on other grounds as stated in Carter v. Panama Canal Co., 463 F.2d 1289, 1293-94 (D.C. Cir. 1972). "The burden then shifts to the

39

employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Id. at 687-88.

## C. Regular Rate of Pay

When an employee is compensated solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours the salary is intended to compensate. Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1268 (11th Cir. 2008). For overtime claims involving an employee who is paid a constant weekly salary for fluctuating hours, it may be necessary to modify the instruction so that the jury is instructed on the "fluctuating workweek method" for calculating damages. See generally Lamonica v. Safe Hurricane Shutters, Inc., No. 11-15743, 2013 WL 811906 (Mar. 6, 2013); see also 29 C.F.R. § 778.114 (explaining how to use the fluctuating workweek method).

## D. Exemptions

Pattern Instruction 4.14 leaves it to the court to fashion an instruction regarding the elements of a claimed exemption. The most common exemptions from the overtime pay requirement exist for employees in a "bona fide executive, administrative, or professional capacity" as defined by regulations of the Secretary. 29 U.S.C. § 213(a)(1). The elements of the exemptions may be found at 29 C.F.R. § 541.1 et seq.

In a suit under the FLSA, the employer carries the burden of proving an overtime pay exemption. Hogan v. Allstate Ins. Co., 361 F.3d 621, 625 (11th Cir. 2004) (per curiam).

## II.    Remedies.

## A. Public Employees

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., a public employee

working overtime has the choice to be reimbursed either in the form of wages or compensatory time. 29 U.S.C. § 207(a)(o). A public employer may only substitute compensatory compensation for overtime pay pursuant to a collective bargaining agreement or agreement between the employer and employee if there is no applicable collective bargaining agreement. 29 U.S.C. § 207(o)(2)(A); Chesser v. Sparks, 248 F.3d 1117, 1120 n.1 (11th Cir. 2001).

**B. Liquidated Damages, Good Faith and Willful Violations**

The FLSA provides for liquidated damages and states that such damages shall be paid unless the "employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," in which case "the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in § 216" of the FLSA. 29 U.S.C. § 260. Under the plain language of the statute, this is a question for the court to determine not the jury. Thus, the court and the jury answer what is essentially the same question for two different purposes. The willfulness or good faith question is answered first by the jury to determine the period of limitations and then, if there is a verdict for the employee, again by the judge to determine whether to award liquidated damages. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1282 (11th Cir. 2008).

When the jury finds an employer has violated the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in an equal amount. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of … § 207 of this title shall be liable to the employee or employees affected in the amount of … their unpaid overtime compensation… and in an additional equal amount as liquidated damages."); Alvarez Perez v.

41

Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1163 (11th Cir. 2008). However, the district court has discretion to reduce or deny liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." Morgan, 551 F.3d at 1282 (alteration in original) (internal quotation marks omitted); see also 29 U.S.C. § 260. A district court must find that an employer acted in good faith in violating the FLSA before it may award less than the full amount of liquidated damages. Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987). If the jury finds that the employer acted willfully, however, then the court cannot find that the employer acted in good faith, and the court must award liquidated damages. A jury's finding that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question. Alvarez Perez, 515 F.3d at 1166.

The statute of limitations for a claim seeking unpaid overtime wages under the FLSA is generally two years. "But if the claim is one 'arising out of a willful violation,' the statute of limitations is extended to three years." Morgan, 551 F.3d at 1280 (quoting 29 U.S.C. § 255(a)). To prove willfulness and therefore obtain the benefit of the three year statute of limitations, an employee must establish that the employer "knew, or showed reckless disregard for, the fact that its conduct was forbidden by the FLSA." Morgan, 551 F.3d at 1283.

Authority: 11th Cir. Pattern Jury Instruction 4.14